**E-FILED**
Monday, 15 August, 2016  01:40:02 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-cv-3373** |
| | ) | |
| **KEVIN M. VON BEHREN,** | ) | |
| **BRENDA K. VON BEHREN,** | ) | |
| **KVB ELECTRIC LLC,** | ) | |
| **WILLIAMSVILLE STATE BANK &** | ) | |
| **TRUST, ILLINOIS DEPARTMENT** | ) | |
| **OF REVENUE, TD AUTO FINANCE, LLC,** | ) | |
| **f/k/a DAIMLER CHRYSLER** | ) | |
| **FINANCIAL, CAPITAL ONE BANK, and** | ) | |
| **COUNTY OF SANGAMON, ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Corrected Motion for Relief from Default Judgment (d/e 62) filed by Defendant KVB Electric LLC and the Motion for Leave to File an Amended Answer and Amended Affirmative Defenses (d/e 70) filed by Defendants Kevin M. Von Behren and Brenda K. Von Behren.  Because KVB has shown good cause for its default, quick action to correct the default, and a meritorious defense, the Motion for Relief from

Default Judgment is GRANTED.  The Court also, in an exercise of its discretion, GRANTS the Von Behrens leave to file an amended answer and affirmative defenses.

## I. BACKGROUND

On December 3, 2014, Plaintiff United States filed suit against Defendant Kevin M. Von Behren seeking a money judgment for unpaid federal income taxes and for the trust fund portion of federal income and Federal Insurance Contributions Act (FICA) taxes withheld from the wages of employees of KVB Electric LLC. Compl. (d/e 1).  On April 23, 2015, Plaintiff filed an Amended Complaint (d/e 6) containing three counts.  In Count I, Plaintiff sought a money judgment against Kevin and Brenda K. Von Behren, jointly and severally, for unpaid federal income taxes.  In Count II, Plaintiff sought a money judgment against Kevin Von Behren for the unpaid trust fund portion of federal income and FICA taxes withheld from the wages of the employees of BDK Industries, Inc.  In Count III, Plaintiff sought to enforce federal tax liens resulting from liabilities owed by Kevin and/or Brenda against property located at 2196 Cantrall Creek Road, Cantrall, County of Sangamon, Illinois, 62625 (the Cantrall property). Plaintiff also

named as additional defendants entities that might have a claim or interest in the Cantrall property, including KVB Electric LLC, Williamsville State Bank & Trust, the Illinois Department of Revenue, Daimler Chrysler Financial, Capital One Bank, and County of Sangamon, Illinois.

The Amended Complaint alleges that the Cantrall property was transferred to Kevin and Brenda Von Behren as joint tenants in April 1991. Am. Compl. ¶ 10.  In June 2005, the Cantrall property was conveyed to KVB by way of a Sheriff's Deed pursuant to the Judgment of Foreclosure and Sale entered in Sangamon County Case No. 2003 CH 238.  Id. ¶ 13. Plaintiff alleges that KVB holds record title to the property as the alter ego of Kevin Von Behren, who is the true and equitable owner of the property.  Id. ¶ 26.

Requests for Waiver of Service and Notice of Lawsuit were mailed to Kevin, Brenda, and KVB on May 28, 2015.  See d/e 7, 8, 9.  On July 28, 2015, Kevin, Brenda, and KVB filed pro se Motions for Extension of Time to File Answer.  See d/e 15, 16, 17.  In its motion, KVB claimed that it was discussing representation and a retainer with attorney David Reid and believed the issues would be resolved soon.  See KVB Motion ¶ 8 (d/e 17).

United States Magistrate Judge Tom Schanzle-Haskins granted Kevin's and Brenda's motions, but denied KVB's motion because corporations may not appear pro se in federal court. <u>See</u> July 31, 2015 Text Orders. On August 6, 2015, Plaintiff filed a Second Amended Complaint (d/e 19) to change the name of Defendant Daimler Chrysler Financial to reflect the company's current name, TD Auto Finance, LLC.

The Von Behrens hired Mr. Reid, who they believed was also representing the interests of KVB. <u>See</u> Mem. of Law in Support of Def. KVB Electric LLC's Mot. for Relief from Default J. at 3 (d/e 63). Mr. Reid represented the interest of all three defendants in settlement negotiations with Plaintiff. <u>Id.</u> On August 26, 2015, after those attempts at settlement were unsuccessful, Mr. Reid filed an Answer to the Second Amended Complaint on behalf of the Von Behrens but not KVB. <u>Id.</u>; <u>see</u> Answer (d/e 25).

In the Answer, Kevin and Brenda "allege[d] that the equitable owners of the subject property are Kevin M. Von Behren and Brenda K. Von Behren." Answer ¶ 26. They also "admit[ted] that the Plaintiff is entitled to enforce its liens against the Defendants." <u>Id.</u> at ¶ 29.

On October 21, 2015, Plaintiff and the Von Behrens filed a Joint Report of Parties' Planning Meeting (d/e 28). The parties agreed that the Von Behrens were jointly liability for unpaid federal income tax liabilities, that Kevin was liable for the "Trust Fund Recovery Penalty," and that the United States' tax liens attach to all property and rights to property belonging to the Von Behrens, including their Cantrall, Illinois residence. Id. The parties agreed to a sale of the Cantrall property with the proceeds being used to pay the tax liabilities and any other perfected liens against the property. Id. On October 22, 2015, Judge Schanzle-Haskins granted the parties until November 20, 2015 to file a proposed stipulated judgment. See October 22, 2015 Minute Entry.

In November 2015, the Von Behrens sought and received an extension of time to submit a proposed stipulated judgment. See d/e 36 (seeking an extension due to the Illinois Department of Revenue's notice of tax lien in excess of $100,000). Additional extensions of time were sought and received in January (d/e 40) (requesting time to review 2003 bankruptcy records to determine whether the Department of Revenue's tax lien was enforceable in this action) and February 2016 (d/e 41) (noting that the

Department of Revenue tax liens were not discharged in bankruptcy but seeking additional time to review an Internal Revenue Service notice regarding federal tax liabilities).

On March 11, 2016, Mr. Reid filed a motion to withdraw as counsel for the Von Behrens and KVB (d/e 43).  Mr. Reid stated there was substantial disagreement between Mr. Reid and the defendants as to the proposed terms of the stipulation regarding entry of judgment.  Id. at 1.

On March 14, 2016, Mr. Reid filed an amended motion to withdraw (d/e 45), clarifying his original motion.  In the amended motion, Mr. Reid sought to withdraw as counsel for the Von Behrens.  Mr. Reid also sought to withdraw "from any representation of the Defendant, KVB Electric LLC."  Mr. Reid explained that while he did not formally enter his appearance on behalf of KVB, he included KVB in certain pleadings and the proposed Stipulation of Judgment documents.  Id. at 2.  The Court also identified Mr. Reid as KVB's counsel on the civil docket sheet.

Judge Schanzle-Haskins granted the motion to withdraw as counsel as to all three defendants.  See Order (d/e 46).  Judge Schanzle-Haskins advised KVB that it must retain counsel because

a corporation may only appear in Federal Court through an
attorney.  Id.

On May 11, 2016, Plaintiff filed a motion for entry of default
against only KVB, who had not filed an answer (d/e 52).  The next
day, Judge Schanzle-Haskins granted the motion and entered an
Order of Default (d/e 53).  See Judge Myerscough Standing Order
S-11-25 (requiring the filing of motion for an entry of default and,
after that is granted, a motion for default judgment).  On May 13,
Plaintiff filed a Motion for Default Judgment (d/e 54) against KVB.

On May 26, 2016, KVB filed a pro se Motion to Set Aside
Default Judgment, claiming that KVB was diligently seeking
counsel.  See Motion (d/e 55).  On May 31, 2016, Judge Schanzle-
Haskins struck the Motion on the ground that limited liability
companies like KVB cannot appear pro se but may only appear by
counsel.  See May 31, 2016 Text Order.

On June 9, 2016, this Court granted the Plaintiff's Motion for
Default Judgment, finding that KVB "has no right, title, claim, lien
or other interest in the real property at 2196 Cantrall Creek Road,
Cantrall, Sangamon County, Illinois." See Order (d/e 57).  The
Court did not make a finding under Federal Rule of Civil Procedure

54(b) that there was no just reason for delay.  See  Fed. R. Civ. P. 54(b) (providing that when multiple parties are involved in an action, the court may direct entry of final judgment as to one or more, but fewer than all, of the parties "only if the court expressly determines that there is no just reason for delay"; otherwise, the order can be revised at any time before entry of a judgment adjudicating all of the parties' rights and liabilities).

On June 14, 2016, KVB retained attorney Gordon W. Gates as counsel.  Corrected Mem. at 3 (d/e 63).  On June 17, 2016, Mr. Gates entered his appearance on behalf of KVB (d/e 58).  That same day, Mr. Gates filed a Motion for Relief from Default Judgment (d/e 59), although that motion was later struck and a corrected motion was filed.  See d/e 62 (Corrected Mot. for Relief From Default J.)

On July 1, 2016, Alexandra de Saint Phalle and James R. Potter of the law firm of Londrigan, Potter & Randle, P.C. entered their appearances on behalf of the Von Behrens.  Entry of Appearance (d/e 66).  On July 5, 2016, the Von Behrens filed a Motion for Leave to File An Amended Answer and Amended Affirmative Defenses (d/e 70).  In support thereof, the Von Behrens claim that they did not see the Answer prepared by their former

attorney, Mr. Reid, until it was explained to them by Mr. Gates on June 14, 2016.  See Mot. for Leave ¶ 3 (d/e 70); Affidavit of Kevin Von Behren ¶ 6 (d/e 68-1); Affidavit of Brenda Von Behren ¶ 6 (d/e 68-2); see also Kevin Von Behren Aff. ¶ 11 (indicating that he contacted several attorneys between March 18, 2016 and May 26, 2016 to obtain counsel for KVB).  At that time, they learned that certain legal conclusions set forth in the Answer—including that they are equitable owners of the Cantrall property and that Plaintiff is entitled to enforce its liens against the Von Behrens—are factually and legally incorrect and contrary to the record title information contained in KVB's Motion for Relief From Judgment. Mot. for Leave ¶ 4 (d/e 70).  The Von Behrens also learned at that time that they may have additional affirmative defenses based on the record ownership of KVB and the Cantrall property.  Id. ¶ 5. The Von Behrens assert that granting leave will not delay the case because, as of June 7, 2016, service still had not been effectuated against Defendant Sangamon County.  Id. ¶ 7.  Moreover, no discovery has been had in this case.  Id.  ¶ 8.  A proposed Amended Answer is filed at docket entry 76.

## II. ANALYSIS

### A.   KVB's Motion to Set Aside the Default Judgment is Granted

Defendant KVB seeks to set aside the default judgment entered on June 9, 2016.  Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).  The moving party must show (1) good cause for default; (2) quick action to correct the default; and (3) a meritorious defense to the complaint.  Cracco v. Vitran Express, Inc., 559 F.3d 625, 63 (7th Cir. 2009).

Though the same elements must be shown under Rule 55(c) and Rule 60(b), setting aside an entry of default under Rule 55(c) is less demanding than setting aside a final judgment under Rule 60(b).  Cracco, 559 F.3d at 631 ("While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test 'is more liberally applied in the Rule 55(c) context.'") (quoting United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir. 1989)).  Trial on the merits is favored over default judgment.  Cracco, 559 F.3d at 631.

The standard for granting relief from judgment under Rule 55(c) applies here.  This Court entered a default judgment against KVB, one of many defendants in this case, but did not direct entry of a final judgment by expressly determining there was "no just reason for delay."  Fed. R. Civ. P. 54(b).  Therefore, the judgment was not a final judgment, and Rule 60(b) only applies to final judgments.  See O'Brien v. R.J. O'Brien &Associates, Inc., 998 F. 2d 1394, 1401 (7th Cir. 1993) (noting that "Rule 60(b) only applies to final judgments and the district court had not yet certified the default judgment against RJO as final and appealable under Rule 54(b)"); Fed. R. Civ. P. 55 Advisory Committee's Note (noting that a default judgment that does not dispose of all claims among all parties is not a final judgment unless the court directs judgment under Rule 54(b); also noting that Rule 60(b) applies only in seeking relief from final judgment).

Applying the more liberal Rule 55(c) standard here, the Court finds that KVB has shown good cause for setting aside the default judgment.

First, KVB has shown good cause for failing to timely file an answer.  The information submitted to the Court shows that KVB

did not willfully ignore the pending litigation.  KVB believed Mr.
Reid was representing both KVB and the Von Behrens.  Even Mr.
Reid stated that he included KVB on pleadings and in proposed
stipulation of judgment documents.  Although Mr. Reid did not
enter a formal entry of appearance for KVB, he was listed as
counsel for KVB on the Court's docket.  Mr. Reid filed an answer for
the Von Behrens and attempted to resolve the case with Plaintiff
seemingly on behalf of the Von Behrens <u>and</u> KVB.  These facts
suggest that KVB did not willfully ignore the litigation but failed to
respond through inadvertence.  <u>See</u> <u>Cracco</u>, 559 F.3d at 631
(finding the defendant showed good cause where the defendant did
not willfully ignore the pending litigation but failed to respond
through inadvertence).

In addition, KVB acted in a timely manner after the default
judgment was entered.  KVB attempted to retain counsel after Mr.
Reid withdrew as counsel for the Von Behrens.  After the entry of
default was entered in May 2016, KVB continued to attempt to
retain counsel.  On May 27, 2016, Brenda Von Behren filed a
Motion to Set Aside Default Judgment on behalf of KVB.  <u>See</u> d/e
55 (indicating the attempts made to retain counsel for KVB).

Though the Court struck that motion because limited liability companies cannot appear pro se, this still shows that KVB was diligent in trying to correct its default. KVB did not ignore the Entry of Default against it but was prevented from acting immediately by its lack of counsel. After the default judgment was entered on June 9, 2016, KVB was finally able to retain counsel, who filed within eight days a motion to set aside the default judgment. See Cracco, 559 F.3d at 631 (finding a motion to vacate filed eight days after the entry of default constituted quick action).

Finally, KVB has articulated a meritorious defense. A meritorious defense is one that raises a "'serious question regarding the propriety of a default judgment and . . .[is] supported by a developed legal and factual basis.'" Wehrs v. Wells, 688 F.3d 886, 890 (7th Cir. 2012) (quoting Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994)). KVB asserts that it is legally distinct from the Von Behrens and that the assets of KVB, including the Cantrall property, are not subject to the debts of the Von Behrens. KVB describes in detail the history of KVB's ownership and submits documentation in support thereof. As such, the Court finds that KVB has set forth a meritorious defense. See Cracco, 559 F.3d at

631 (finding the defendant made a sufficient showing of a meritorious defense where it "notified the plaintiff and the district court of the nature of [the defendant's] defense and provided the factual basis for that defense").

In sum, the Court finds that KVB has shown good cause for failing to timely file an answer, quick action to correct the default, and a meritorious defense. Given the Seventh's Circuit preference for trial on the merits over default judgment, this Court finds that the most appropriate course of action is to allow this case to proceed on the merits.

**B.    The Von Behrens' Motion to Amend is Granted**

The Von Behrens seek to amend their answer to deny the allegations that they own the Cantrall property, that KVB is Kevin's alter ego, and that the Plaintiff is entitled to enforce its liens against the Cantrall property. They also seek to assert the affirmative defense that KVB is the owner of the Cantrell property and, as such, the property is not subject to Kevin and Brenda's debts.

Plaintiff objects to the motion, arguing that Plaintiff will be prejudiced by the amendment. Plaintiff argues that the Von Behrens did not raise the affirmative defense initially and, in fact,

waived it by agreeing in the status report submitted to the Court
that they were jointly liable for the unpaid taxes and that the
United States was entitled to sell the residence.  In light of those
admissions, Plaintiff agreed that no discovery was needed and a
scheduling order was entered on June 7, 2016 setting an August 8,
2016 deadline for dispositive motions and a December 2016 trial.

   Once the time has passed for amending a pleading once as a
matter of course, a party may amend a pleading only with consent
of the opposing party or with leave of court, which shall be freely
given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court
may deny leave, in its discretion, for reasons including undue delay,
bad faith, or undue prejudice to the opposing party.  Crest Hill Land
Development, LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir.
2005).  The Court also has the discretion to allow an answer be
amended to assert an affirmative defense not raised initially.
Jackson v. Rockford Hous. Auth., 213 F.3d 389, 392 (7th Cir. 2000)
(providing that amendment is generally allowed absent undue
surprise or prejudice to the other party).

   The Court, in an exercise of its discretion, grants the Von
Behrens leave to amend.  Clearly, the parties attempted to resolve

this case early in the litigation, which explains why this case was filed in 2014 but has not proceeded very far since then.  Following the withdrawal of Mr. Reid as counsel for the Von Behrens, the Von Behrens seek to defend the action on the merits.  While Plaintiff will suffer some prejudice by the amendment, this prejudice can be alleviated by the entry of a new scheduling order providing for discovery and new dates for the filing of dispositive motions and for trial.  Moreover, Plaintiff will likely have to address the Von Behren's affirmative defense anyway now that the Court has vacated the default judgment against KVB.

### III. CONCLUSION

For the reasons stated, Defendant KVB Electric, LLC's Corrected Motion for Relief from Default Judgment (d/e 62) is GRANTED.  KVB shall file its Answer on or before August 17, 2016. Defendants Kevin M. Von Behren and Brenda K. Von Behren's Motion for Leave to File an Amended Answer and Amended Affirmative Defenses (d/e 70) is GRANTED.  The Amended Answer and Affirmative Defenses is filed at docket entry 76.

In addition, Plaintiff's Motion to Strike (d/e 72) the Motion to Set Aside Default Judgment or, in the Alternative, for Leave to File

Sur-Reply (d/e 68) filed by the Von Behrens for lack of standing is DENIED AS MOOT.  The only information in the Von Behren's filing that the Court considered was the affidavits of the Von Behren's attached thereto regarding their knowledge about the representation of KVB and their efforts to obtain counsel for KVB. Therefore, the Von Behren's Motion (d/e 68) is also DENIED AS MOOT.

This case is referred to Judge Schanzle-Haskins for the preparation of a new scheduling order.  In light of this ruling and the anticipation of a new scheduling order, Plaintiff shall advise the Court, on or before August 19, 2016, whether Plaintiff intends to proceed on its recently filed Motion for Summary Judgment (d/e 77) or whether Plaintiff will withdraw that motion.

ENTER: August 12, 2016

FOR THE COURT:

                     s/Sue E. Myerscough
                     SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE